STATE, EX REL. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MERCER, v. PENNSYLVANIA RAILROAD COMPANY.

1. A *mandamus* directed to a foreign corporation engaged in business in this state, commanding the performance of some duty growing out of that business, may be legally served upon any officer of the company in this state, upon whom lawful service could have been made, according to the ancient common law, if the corporation were domestic.

2. Where the thing enjoined by the writ was the building of a bridge, service upon a mere financial officer of the company was not sufficient.

---

On motion to quash service of a writ of *mandamus*.

Argued at June Term, 1880, before Justices DIXON, REED, and PARKER.

For the motion, *E. T. Green.*

*Contra,* J. S. *Aitkin.*

The opinion of the court was delivered by

DIXON, J.    This is a motion to set aside a second attempt at service of the writ of alternative *mandamus,* mentioned in this case in 12 *Vroom* 250.

The present service was made on the second vice-president of the company, while he was passing through Trenton to his residence in Philadelphia, from Newark, where he had been on individual business.    The proofs show that he is a salaried officer of the company, having supervision of only its financial matters, but having no power over the performance of the duty enjoined in this writ, except in the absence of the president and first vice-president, who, at the time of this service, were in the active exercise of their official functions.

According to the decision in 12 *Vroom* 250, this service was nugatory, and must be quashed.

The counsel moving to quash, urged that we should do so upon the ground that no legal service of the writ could be made, the defendant being a foreign corporation, and there being no statute providing for the service of prerogative writs on such bodies.    But this position we decline to take.

The common law rule for serving writs of *mandamus* on private corporations is, that service must be made upon the head officer of the company, or upon that select body within the corporation whose province it is to put in motion the machinery necessary to secure performance of the duty commanded, or upon that superior officer who would be expected to carry out a general order of the governing body of the corporation, for the doing of the thing enjoined by the writ, the command of the writ standing for the corporate order.

The ancient strictness of the common law also required that service of every process on corporations must be made within the jurisdiction of that sovereignty by which the corporation was created; but this has long since been relaxed, so as to permit service to be made within any jurisdiction wherein the corporation has engaged in business, in all litigation pertaining to that business; and such is now the rule, independently of any statute prescribing the mode of serving process. *Moulin* v. *Insurance Co.*, 4 *Zab.* 222; *S. C.*, 1 *Dutcher* 57; *National Condensed Milk Co.* v. *Brandenburgh*, 11 *Vroom* 111.

While I have found no case distinctly holding that this relaxation extends to the service of prerogative writs, yet I can see no reason for placing them upon any different footing. When a corporation voluntarily assumes, in a foreign state, a position which involves duties to the public, there is as much propriety in considering them subject to process by which the performance of those duties may be enforced, as in requiring them to answer in such jurisdiction on private contracts which they have made therein. Indeed, the necessity is more urgent, for no other state than that wherein the duty is owed, can or will compel its execution. In the present case, the duty to be done grows out of the management of one of the most important lines of railroad in the state, which is under the exclusive control of the defendant; and it is not to be admitted, except for the sake of some most imperative and inflexible principle, that the courts are powerless to enforce the fulfillment of those important obligations which this and other alien companies similarly situated owe to the public. We think that, according to the modified rule, recognized as common law in this state, a service of this writ will be valid, when made here upon any corporate officer upon whom legal service could be made at common law if the corporation were domestic.

So considerable are the public interests to be enforced against foreign companies in New Jersey, by means of prerogative writs, that occasion would seem to exist for legisla-

tive·action, to the end that service of such writs upon these corporations might be facilitated.

The motion to quash is allowed, with costs.